JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04936-SSS-KS | Date | August 28, 2026 |
| Title | *Josue Anthony Linares v. D. Marin et al* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING PETITIONER'S EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE [DKT. NO. 2] AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE [DKT. NO. 1]**

Before the Court is Petitioner Josue Anthony Linares's Petition for Habeas Corpus [Dkt. No. 1, "Petition"] and Emergency Application for Temporary Restraining Order. [Dkt. No. 2, "Application"]. Petitioner, a non-citizen proceeding *pro se* in this matter and currently in immigration custody at Adelanto Processing Center, has two pending immigration-related habeas petitioners in this Court, both filed pursuant to 28 U.S.C. § 2241: the instant matter, and *Josue Anthony Linares v. US Immigration and Customs Enforcement*, No. 5:26-cv-03037-SSS-KS (the "Earlier Action").

The Court has discretion to dismiss a pleading "that merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A habeas petition is duplicative when the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F.Supp.2d 1132, 1145 (E.D. Cal. 1999) (*quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D.

Ill.1983)). When there is a multiplication of the proceedings, the Court may dismiss the second action. *See id.*

The Petition here duplicates information contained in the Earlier Action, currently pending in this Court, and both matters arise from the same immigration detention. In the Earlier Action, Petitioner is represented by counsel, and the matter is currently stayed. The Court finds that maintaining a separate action concerning the same underlying claims and requested relief is unwarranted. Moreover, in the Earlier Action, Petitioner has the benefit of appointed counsel to represent him.

The Court thus **SUMMARILY DISMISSES** Petitioner's Emergency Application for Temporary Restraining Order and Petition for Habeas Corpus as duplicative of No. 5:26-cv-03037-SSS-KS.[1] The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

[1] The present Application remains factually insufficient. Petitioner does not provide sufficient information concerning the procedural status of his removal proceedings to determine whether his detention is governed by the post-removal-period framework of 8 U.S.C. § 1231(a)(6), upon which his request for relief relies. Accordingly, Petitioner has not alleged sufficient facts to warrant emergency relief.